COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia


DALE WARREN DOVER, GUARDIAN
 *AD LITEM* FOR THE MINOR CHILDREN
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2531-10-4                    JUDGE JERE M.H. WILLIS, JR.
                                                          JUNE 14, 2011
VICTORIA WALKER


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            Lisa B. Kemler, Judge

          Dale Warren Dover, Guardian *ad litem* for the minor children.

          (Debra Susan Bray; Amole & Bray, P.C.), for appellee.  Appellee
          submitting on brief.


        Dale Warren Dover, guardian *ad litem* for the minor children (GAL), appeals an order

denying the petition of the Alexandria Department of Human Services (the Department) to

terminate the parental rights of Victoria Walker (Ms. Walker) to her two oldest children.  The GAL

argues that the trial court erred in refusing to terminate Ms. Walker's parental rights (1) because

she had committed a barrier crime, namely incest, while her children were in foster care;

(2) because of her history of mental illness and her inability to safely parent her children; and

(3) because she failed to remedy the conditions which led to or required continuation of the

foster care placement.  Finding no error, we affirm the judgment of the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Barrier crime

The GAL argues that clear and convincing evidence proved that while her children were in foster care, Ms. Walker committed incest, a barrier crime. See Code § 63.2-1719. When Ms. Walker was between the ages of twelve and sixteen, her uncle sexually abused her. Thereafter, on two occasions while the children were in foster care, she had sexual relations with him. At the time of the trial, she had not been charged with incest.

The GAL argues Code § 63.2-1721 prohibits an agency from approving as a foster parent one who has committed a barrier crime as defined in Code § 63.2-1719. See Code § 63.2-1721(C). One of the barrier crimes listed in Code § 63.2-1719 is incest as defined in Code § 18.2-366. The GAL argues that by having sexual relations with her uncle while the children were in foster care, Ms. Walker committed a barrier crime, requiring the trial court to terminate her parental rights. However, the GAL did not make this argument to the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Therefore, we do not consider this argument on appeal.

Denial of the petition to terminate parental rights

The GAL contends that the trial court erred in denying the Department's petitions to terminate Ms. Walker's parental rights to her two oldest children. He argues that the evidence satisfied the requirements of Code § 16.1-283(B)[1] and (C)(2).[2]

The evidence was conflicting and contradictory. We view the evidence in the light most favorable to the party prevailing below, Ms. Walker, granting to her all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16

---

[1] Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

[2] Code § 16.1-283(C)(2) states a parent's parental rights may be terminated if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

(1986) (citations omitted). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

The trial court conducted an *ore tenus* hearing, which occurred over a four-day period from October 5 through 8, 2010. It heard twenty witnesses, including social workers, Ms. Walker's counselors, the foster care mother, and Ms. Walker herself. Ms. Walker underwent a psychological evaluation, and the evaluator testified as well.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

The trial court issued a letter opinion on October 13, 2010, ruling as follows:

> After careful consideration of the testimony and documents presented at the trial held on October 4 [sic], 5, 7 and 8,[3] the Court has determined that the children, [P.W.] and [N.P.] come within the jurisdiction of this Court and finds that the Petitioner [the Department] failed to establish by clear and convincing evidence the statutory criteria set forth in Virginia Code Section 16.1-283. The Court further finds that termination of the mother's parental rights is not in the best interests of the children. Therefore, the Court denies the Petitions of DHS, and disapproves the Foster Care Plan for each child.[4]

On the record before us, we find no abuse of discretion in the trial court's credibility and weight determinations and its holding that the required burden of proof had not been met.

---

[3] The trial court incorrectly listed the dates of the hearing, as the hearing took place on October 5, 6, 7, and 8, 2010.

[4] The trial court remanded the case to the JDR court "for the submission of a new petition and plan . . . and for a hearing to be set by the JDR Court."

## Conclusion

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
